HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NABIL FARAG,

                Plaintiff,

    v.

THURSTON COUNTY, et al.,

                Defendants.

No. 12-cv-5012-RBL

ORDER

[Dkts. #9, 19, 20, 23, 31]

Nabil Farag has filed a Complaint for violations of unnamed civil rights under 42 U.S.C. § 1983 against a long list of defendants. Before the Court are motions to dismiss from that long list. Plaintiff's allegations are rambling and semi-coherent at best. But the Court can determine that a number of defendants are immune from suit, and the Complaint lacks sufficient factual allegations to sustain claims against the rest. The Complaint is therefore dismissed.

## I.     FACTUAL BACKGROUND

The Defendants and the Court equally struggle to understand the basis for this suit. Plaintiff states that he was arrested on January 10, 2006, for "defending his property from malicious interference" by Tom Vatne, who is apparently his stepfather. (Compl. ¶ 5.) The dispute appears related to some sort of fence or gate. *Id.*

Plaintiff was then arrested by sheriff's deputies. The Complaint mentions misdemeanor charges and a second-degree assault charge, but it is unclear whether these were lodged against Plaintiff. *Id.* ¶ 5.1. The Complaint contains many confusing statements lacking grammatical

Order - 1

structure. An example: "Silent beef indirectly of threats against Vatne." *Id.* The Court has no idea what this means.

Plaintiff appears to be suing everyone related to the undefined case, including the judge, the prosecutor, sheriff's deputies, lawyers, and the Department of Corrections. Additionally, Plaintiff has named his sister in the suit for "bad mouthing" him, his uncle for writing a "bad faith ill will letter," and the Estate of Emtisal Vatne for reasons entirely absent.

## II.   DISCUSSION

A complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true. *See, e.g.*, *Oscar v. Univ. Students Co-Operative Ass'n*, 965 F.2d 783,785 (9th Cir. 1992). The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted). A complaint must include enough facts to state a claim for relief that is "plausible on its face" and to "raise a right to relief above the speculative level." *Id.* at 555. The complaint need not include detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id.* A claim is facially plausible when plaintiff has alleged enough factual content for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

### A.   Plaintiff's Allegations

The factual summary above should foreshadow the obvious outcome: the Complaint lacks merit. The claims against the state defendants—the State of Washington and the Department of Corrections—are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). The claims against the Thurston County defendants[1] are dismissed because the defendants related to the court have judicial immunity, *Stump v.*

---

[1] See Dkt. 10 at 1 for a complete listing.

*Sparkman*, 435 U.S. 349 (1977); the defendants related to the sheriff's department lack judicial immunity, but there are no facts sufficient to state a claim against them. The claims against Plaintiff's family members and the Estate are dismissed for lack of factual support.

**B. Leave to Amend**

Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962). On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

It is clear from the Complaint and Plaintiff's responses that he is merely upset with the outcome of his criminal proceeding and has sued everyone related. His claims lack merit and amendment would be futile.

### III.   CONCLUSION

For the reasons stated above, the motions to dismiss (Dkts. #9, 19, 20, 23) are **GRANTED** and the case is **DISMISSED WITH PREJUDICE**. Plaintiff's "motion for briefing immunity question" (Dkt. #31), is **DENIED** as moot.

Dated this 24th day of July 2012.

Ronald B. Leighton
United States District Judge

Order - 3